UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA GRZANECKI, | ) |
| Plaintiff, | ) Case No. 18-CV-00204 |
| v. | ) Judge Sharon Johnson Coleman |
| SMITH AND NEPHEW, INC. a Delaware, Corporate, ZIMMER US, INC., a Delaware Corporation, and ZIMMER, INC., a Delaware Corporation, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Barbara Grzanecki filed a six-count Second Amended Complaint against defendants Smith and Nephew, Inc., ("Smith") and Zimmer US, Inc., and Zimmer, Inc. (collectively, "Zimmer"), alleging strict products liability and negligence. Smith moves to dismiss Counts I and IV and Zimmer moves to dismiss Counts II, III, V, and VI pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons outlined below, Smith's Motion to Dismiss [63] and Zimmer's Motion to Dismiss [60] are granted.

**Background**

Grzanecki underwent a right total knee replacement on December 3, 2015. Smith and Zimmer designed, manufactured, and sold the implants. Grzanecki used the implants in the manner for which they were intended in her daily living activities. In 2016, Grzanecki began experiencing pain that was not consistent with her knee replacement. Later in 2016 and in early 2017, scans performed on Grzanecki revealed lucency and particle disease in her right knee. These scan results indicate the premature and defective failure of the implants. Grzanecki alleges that the implants

1

were unsafe and defective at the time they were sold, distributed, and supplied, yet caused injury when used for their intended purpose.

Grzanecki then filed this suit in Illinois state court in December 2017, which defendants removed to this Court in January 2018. The Court stayed the proceedings until after Grzanecki's revision surgery. The parties agreed that the revision surgery findings are critical to the case, and Grzanecki would be able to plead her allegations more thoroughly following the surgery. On September 12, 2018, Grzanecki underwent revision surgery to replace the defective implants. Grzanecki then filed a Second Amended Complaint, which included one new paragraph alleging that she underwent revision surgery. Smith now moves to dismiss Counts I and IV, and Zimmer moves to dismiss Counts II, III, V, and VI for failure to state a claim.

**Legal Standard**

When considering a Rule 12(b)(6) motion, the court accepts all of the plaintiff's allegations as true and views them "in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

**Analysis**

Smith and Zimmer contend that Grzanecki fails to allege how the implants were defective in either manufacture or design so as to make them unreasonably dangerous. Grzanecki responds that she alleged that the implants failed to function as intended in her daily activities. To establish a

2

claim for design or manufacturing defect under Illinois law, Grzanecki must establish: (1) a condition of the product as a result of manufacturing or design; (2) that made the product unreasonably dangerous; (3) that existed at the time the product left the defendant's control; and (4) an injury to the plaintiff; (5) that was proximately caused by the condition. *Mikolajczyk v. Ford Motor Co.*, 231 Ill. 2d 516, 543, 901 N.E.2d 329 (2008), opinion modified on denial of reh'g (Dec. 18, 2008). "A manufacturing defect occurs when one unit in a product line is defective, whereas a design defect occurs when the specific unit conforms to the intended design but the intended design itself renders the product unreasonably dangerous." *Salerno v. Innovative Surveillance Tech., Inc.*, 402 Ill. App. 3d 490, 497, 932 N.E.2d 101 (1st Dist. 2010).

Despite Grzanecki's indication to the Court that she intended to plead more thoroughly after her revision surgery, the Second Amended Complaint is sparse on details. It alleges that the design of the implants was dangerous, inadequate, and defective. With respect to causation, the complaint alleges that the implants' failure caused her to suffer lucency and particle disease. Defendants argue that these allegations are conclusory and do not provide any factual details as to how the implants' design was defective, how the design was manufactured in a way that deviated from its intended result, or how any alleged defects proximately caused Grzanecki's injury. Grzanecki's allegations are strikingly similar to the allegations in *Griffin v. Medtronic, Inc.*, No. 17 CV 927, 2017 WL 4417821 (N.D. Ill. Oct. 5, 2017) (Shah, J.). That court held that the allegations were conclusory and failed to provide factual details as to how the device was defective or how any alleged defects proximately caused the plaintiff's injury. *See Griffin*, 2017 WL 4417821 at *3; *see also Corwin v. Connecticut Valley Arms, Inc.*, 74 F. Supp. 3d 883, 891 (N.D. Ill. 2014) (Pallmeyer, J.) (dismissing strict product liability claim for failure to allege how the product was defective or why the warnings were inadequate). The Court finds the allegations here are likewise insufficient to state claims based on defective design or defective manufacturing.

Grzanecki also brings a strict liability claim based on defendants' failure to warn Grzanecki and her doctors of the risk of adverse events or reactions associated with the device, and defendants' failure to convey adequate post-marketing warnings regarding the risk, severity, scope, and duration of the dangers associated with the defective product. Smith and Zimmer contend that neither had a duty to warn based on the learned intermediary doctrine and that Grzanecki failed to identify the warnings given or why the warnings were inadequate.

To state a strict liability claim under a failure-to-warn theory, Grzanecki must demonstrate that Smith and Zimmer "did not disclose an unreasonably dangerous condition or instruct on the proper use of the product as to which the average consumer would not be aware." *Salerno*, 402 Ill. App. 3d at 499. "A manufacturer has a duty to warn where the product possesses dangerous propensities and there is unequal knowledge with respect to the risk of harm, and the manufacturer, possessed of such knowledge, knows or should know that harm may occur absent a warning." *Id.* at 109–10 (internal quotations and citation omitted). Illinois employs the learned intermediary doctrine, under which "medical device manufacturers have a duty to warn physicians of . . . a device's dangerous propensities, and physicians, in turn, using their medical judgment, have a duty to convey any relevant warnings to their patients." *Hansen v. Baxter Healthcare Corp.*, 309 Ill. App. 3d 869, 881, 723 N.E.2d 302 (1999), aff'd, 198 Ill. 2d 420, 764 N.E.2d 35 (2002).

Here, the Court finds that the complaint does not adequately allege that Smith or Zimmer owed Grzanecki or her doctors a duty to warn them, or that Smith or Zimmer breached such a duty. Grzanecki contends that the learned intermediary doctrine does not apply at the motion to dismiss stage. The motions to dismiss in each of the authorities cited by Grzanecki, however, were denied on other grounds. *See Sellers v. Boehringer Ingelheim Pharm., Inc.*, 881 F. Supp. 2d 992, 1008 (S.D. Ill. 2012); *Smith v. Boehringer Ingelheim Pharm., Inc.*, 886 F. Supp. 2d 911, 926 (S.D. Ill. 2012). Indeed, other courts in this district apply the learned intermediary doctrine at the motion to dismiss juncture.

4

*See, e.g., Griffin*, 2017 WL 4417821 at *4. This Court finds that the doctrine applies here because the medical community is no doubt aware that there is some risk of injury associated with any surgical procedure, including knee replacement implants.

In addition, Smith and Zimmer argue that Grzanecki has not identified the warnings provided by defendants or how the warnings are inadequate. Grzanecki does not allege any specifics regarding defendants' warnings, beyond the conclusory allegation that the warnings issued were insufficient. The allegations of undisclosed warnings are too vague to establish that Smith or Zimmer failed to disclose anything to Grzanecki's doctors that they did not already know. The claims are dismissed because the complaint does not allege facts sufficient to show that Smith or Zimmer owed Grzanecki or her doctors a duty to warn them, or that defendants breached such a duty.

The Second Amended Complaint also brings negligence claims based on the same allegations supporting the strict liability claims and asserting the same theories of liability: design and manufacturing defects and a failure to warn. Smith and Zimmer contend that the same defects in Grzanecki's pleadings render her negligence claims defective. To state a negligence claim based on a defective product, Grzanecki must establish: (1) the existence of a duty of care owed by Smith and Zimmer; (2) a breach of that duty; (3) an injury proximately caused by that breach; (4) and damages. *Salerno*, 402 Ill. App. 3d at 501 (quoting *Calles v. Scripto-Tokai Corp.*, 224 Ill.2d 247, 270, 864 N.E.2d 249 (2007)). Fault is the key distinction between strict liability and negligence claims. *Id.* at 497. Strict liability claims focus "on the condition of the product itself" while negligence claims "account[] for a defendant's fault as well as the product's condition." *Id.* (internal citations omitted).

Fault does not save Grzanecki's negligence claims from dismissal where the strict liability claims fail. The Second Amended Complaint alleges that "[a]s a direct and proximate result of the dangerous and defective condition on the implants, plaintiff has been subjected to an unreasonable

5

risk of harm." (Dkt. 54 ¶ 46.) Absent any facts to support her assertion that the implants were defective, Grzanecki has not shown that her negligence claims against Smith and Zimmer are "plausible, rather than merely speculative." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010), as amended (Dec. 16, 2010). A legal conclusion cannot stand. As explained, the complaint does not allege any facts that demonstrate how the implants' design were defective, what kind of defect they acquired in the manufacturing process, how these defects proximately caused Grzanecki's injury, or how the warnings were inadequate. *See Corwin*, 74 F. Supp. 3d at 889. Moreover, the learned intermediary doctrine bars any claim based on a failure to warn Grzanecki herself. Thus, the negligence claims are dismissed.

Smith and Zimmer request that the complaint be dismissed with prejudice, and that request is granted. Grzanecki has amended her complaint twice, one time following a lengthy stay sought to allow her to add additional allegations concerning her revision surgery. She did not request leave to amend her complaint again in response to these motions, and there is no reason to suggest that she can cure any of the deficiencies identified by Smith and Zimmer. In addition, by failing to respond to Zimmer's motion to dismiss, she "forfeited her right to continue litigating her claim" against Zimmer. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999); *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Thus, the complaint is dismissed with prejudice.

**Conclusion**

Based on the foregoing, Smith's Motion to Dismiss [63] and Zimmer's Motion to Dismiss [60] are granted with prejudice.

IT IS SO ORDERED.

Date: 5/30/2019         Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

6